UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM WILLARD**

    **Plaintiff,**

v.                                                                               Case No: 5:23-cv-735-JSM-PRL

**KURT GERARD RICHARDSON,**
et al.,

    **Defendants.**

_____

### ORDER

This is a personal jury case arising from an automobile collision that occurred on November 3, 2022, in which a tractor trailer operated by Defendant Kurt Gerard Richardson, and owned by Defendant L.J. Rogers, Jr. Trucking, Inc., struck the rear of a mobile home Plaintiff was operating. There is no dispute that the tractor trailer was equipped with a dash camera that recorded during its operation and the data from the camera was saved. (*See* Doc. 29 at 4). According to Defendants, the physical camera was detached from Defendants' vehicle during the collision and Defendants did not have possession of the physical camera and data until defense counsel and a retained consultant obtained it from an inspection of the mixed wreckage on January 6, 2023. (*See* Doc. 29 at 4).

In discovery, Plaintiff requested *inter alia* video footage depicting the subject collision. (Doc. 28-2). Defendants served a privilege log claiming that the dash camera footage is subject to work-product protection. (Doc. 28-1). Accordingly, Plaintiff filed the instant motion asking the Court to overrule the claimed protection and compel Defendants to immediately produce the dash camera footage. (Doc. 28). Defendants argue that even if the video is not protected

by work product (a position they vigorously oppose), they should be permitted to withhold production until after Plaintiff has been deposed. (Doc. 29).

The work product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Rule 26(b)(3)(A). Whether information qualifies for work product protections depends upon why and when it was created and typically applies "only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation." *CSK Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *2 (M.D. Fla. July 20, 1995)). It does not "protect materials or documents drafted or created in the ordinary course of business." *Tucker v. Cinemark USA, Inc.,* No. 6:18-cv-542-Orl-40TBS, 2018 WL 11466153, *1 (M.D. Fla. July 16, 2018). The party asserting work product protection bears the burden to show that it applies to the information in question. *Id.*

Here, the record shows that the dash camera video was created in the regular, day-to-day operation of Defendants' business—i.e., the camera records when the tractor trailer is operated, presumably to provide facts about any accident or other incident that might occur during operation. Defendants have offered no evidence suggesting that the video was created in anticipation of litigation. Rather, Defendants argue that work product protection applies because Defendants did not possess the video until two months after the accident when it was discovered during an inspection, at which point, litigation was a certainty. Defendants point to one case in support of this argument—*Bolitho v. Home Depot USA, Inc.,* No. 10-60053-CIV, 2010 WL 2639639 (S.D. Fla. June 3, 2010).

In *Bolitho*, the plaintiff alleged that she was injured while returning merchandise to the service counter at defendant's store. The plaintiff left the store and then returned two hours later to report the incident, at which point, store employees copied and preserved video footage of the incident. The magistrate judge found that the video was protected work product because once Plaintiff returned to the store to report the incident, there was no longer a remote possibility, but a reasonable likelihood that prospective litigation over the incident would ensue. The plaintiff objected. On review, the district judge noted that "[p]laintiff has a stronger argument that the video is not work product in the first place." *Bolitho v. Home Depot USA, Inc.,* No. 10-60053-Civ, 2010 WL 2639590, at *1-2 (S.D. Fla. June 29, 2010). Nevertheless, the district judge affirmed the magistrate judge's ruling because he could not conclude that the magistrate judge's ruling was contrary to law.

The *Bolitho* decision, however, which notably is not binding here, has not been followed by other courts. *See e.g., Leo v. Main Event Entertainment, LP*, No. 6:19-cv-1006-Orl-78LRH, 2020 WL 13368587, at *2 (M.D. Fla. March 27, 2020); *Tucker v. Cinemark USA, Inc.,* No. 6:18-cv-542-Orl-40TBS, 2018 WL 11466153, at *2 (M.D. Fla. July 16, 2018); *Sowell v. Target Corp.*, No. 5:14-cv-93-RS-GRJ, 2014 WL 2208058, at *2 (N.D. Fla. May 28, 2014); *Holbourn v. NCL (Bahamas) Ltd.,* 305 F.R.D. 685, 687-88 (S.D. Fla. 2014); *Schulte v. NCL (Bahamas) Ltd.,* No. 10-23265-CIV, 2011 WL 256542, at *4 (S.D. Fla. Jan. 25, 2011). In declining to follow *Bolitho*, courts have concluded that videos of an accident captured by a defendant's surveillance system are not protected by the work product doctrine because they are created in the ordinary course of business and not in anticipation of litigation. *See e.g., Leo v. Main Event Entertainment, LP*, 2020 WL 13368587, at *2 (explaining that a majority of courts that have considered whether videos of an accident captured by a defendant's surveillance

system are protected work product have "concluded that such videos—even when copied and preserved—are not protected by the work product doctrine primarily because they are created in the ordinary course of business and not in anticipation of litigation."); *Tucker v. Cinemark USA, Inc.,* No. 6:18-cv-542-Orl-40TBS, 2018 WL 11466153, at *2 (M.D. Fla. July 16, 2018) ( "[s]urely, when a party has an obligation to preserve evidence in anticipation of litigation, that evidence does not suddenly become work product simply because the lawyer instructs the client to maintain and protect it."); *Sowell v. Target Corp.,* No. 5:14-cv-93-RS-GRJ, 2014 WL 2208058, at *2 (N.D. Fla. May 28, 2014) (finding no work product protection because video was "taken and recorded in the routine and ordinary course of business of [defendant]" and there is no evidence that the video "was implemented or created because of the prospect of litigation"); *Schulte v. NCL (Bahamas) Ltd.,* No. 10-23265-CIV, 2011 WL 256542, at *4 (S.D. Fla. Jan. 25, 2011) ("In this matter, there is no question that the video tape was made as part of the normal course of surveillance videos made by NCL. Thus, the video was not created in the work product context for purposes of or in anticipation of litigation.").

Moreover, courts have rejected the very argument made here—i.e., that a video created in the ordinary course of business nevertheless could be entitled to work product protection because it was preserved or saved after litigation was a certainty. *See e.g., Bennett v. Jetro Restaurant Depot, LLC*, No. 0:23-cv-60954-KMM, 2023 WL 9692062, at *3 (S.D. Fla. December 4, 2023) (the act of preserving video footage taken in defendant's normal course of surveillance of its premises is not covered work product and "[t]he act of preserving that non-privileged video did not then convert it to work product."); *Leo v. Main Event Entertainment, LP*, 2020 WL 13368587, at *2 (M.D. Fla. March 27, 2020) ("Defendant's practice of preserving video footage of accidents that occur on its property in anticipation of litigation

does not transform the video into protected work-product); *Sowell v. Target Corp.,* No. 5:14-cv-93-RS-GRJ, 2014 WL 2208058, at *3 (N.D. Fla. May 28, 2014) (holding that "the mere act of preserving the tape—as opposed to creating the original recording—is not sufficient to transform a document created in the ordinary course of business into work product protected from disclosure."); *Schulte v. NCL (Bahamas) Ltd.,* No. 10-23265-CIV, 2011 WL 256542, at *4 (S.D. Fla. Jan. 25, 2011) (finding that "the act of preserving [the] non-privileged video did not then convert it to work product" and declining "to follow *Bolitho* to the extent that it holds that a surveillance video made in the regular course of an entity's business, which captures an accident at the time it occurs, becomes work product when counsel orders its preservation").

Accordingly, Defendants have failed to meet their burden of demonstrating that the dash cam video footage should be protected from disclosure as work-product.

Next, Defendants argue that, even if the video is not protected as work product, Defendants should be permitted to withhold production until after Plaintiff's deposition. Although parties may use discovery methods in any sequence, the Court retains discretion to control the timing of discovery in the interests of justice, including allowing Defendants to withhold the dash cam video until after Plaintiff's deposition. Defendants, however, have failed to offer any explanation as to why production of the video before Plaintiff's deposition would be prejudicial. *See Bennett v. Jetro Restaurant Depot, LLC*, No. 0:23-cv-60954-KMM, 2023 WL 9692062, at *3 (S.D. Fla. December 4, 2023) ("If a defendant cites with particularity facts to suggest that disclosure of certain discovery prior to a plaintiff's deposition would lead [him] to improperly tailor or otherwise alter [his] deposition testimony, then a Court may exercise its discretion and order that the defendant need not disclose the sought-after discovery until after the [plaintiff's] deposition."). Presumably, Defendants are concerned that

Plaintiff will tailor his testimony. Yet, they have offered no factual support for this concern. Nor have they offered any other basis to justify the Court delaying the production of the video. Moreover, when as here, the primary evidentiary value of the video is to prove the facts surrounding the subject accident, courts have declined to delay production. *Leo v. Main Event Entertainment, LP*, 2020 WL 13368587, at *3-4 (M.D. Fla. March 27, 2020); *Tucker v. Cinemark USA, Inc.,* No. 6:18-cv-542-Orl-40TBS, 2018 WL 11466153, at *3 (M.D. Fla. July 16, 2018).

Accordingly, Plaintiff's motion to compel (Doc. 28) is **GRANTED** to the extent that Defendants' work product objection is **OVERRULED** and Defendants shall produce the dash camera video footage within **FIVE days** of this Order.

**DONE** and **ORDERED** in Ocala, Florida on June 27, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties