UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM WILLARD,**

    **Plaintiff,**

v.                                     Case No: 5:23-cv-735-JSM-PRL

**KURT GERARD RICHARDSON, et al.,**

    **Defendants.**

## ORDER

On July 9, 2024, Defendants filed an emergency motion for compulsory medical examination of Plaintiff and requested a protective order requiring Plaintiff to submit to the examination before undergoing any additional surgery. (Doc. 31). According to defense counsel, he was advised on June 21, 2024, by Plaintiff's counsel, that Plaintiff had scheduled and planned to proceed with lumbar spine surgery on July 16, 2024. Defense counsel represents that despite diligent efforts he has been unable to schedule the examination prior to Plaintiff's scheduled surgery. Accordingly, this motion ensued, and given the timeframe, the Court conducted a telephonic hearing on July 11, 2024.[1]

The Court is in a difficult position because it has not been provided any details regarding the scheduled surgery and whether it is medically necessary for it to be performed

---

[1] Plaintiff's lead counsel, Joseph Frank Stallone, Esq. did not attend the hearing but Gregory Thomson, Esq., did. While Attorney Thomson has moved to withdraw as co-counsel (Doc. 33), that motion has not yet been granted.

next week. It also appears that Defendants' counsel was given limited notice of the surgery, making it difficult to schedule the examination in advance of it.

While Defendants have not cited cases in which a court prevented a party from having surgery before a compulsory medical examination, they have cited cases in which courts have considered whether a plaintiff who has surgery after an accident—and before the other side has an opportunity to complete its requested medical examination—can be sanctioned for spoliation of evidence, including an adverse inference at trial. *See e.g., All Coast, LLC v. Shore Offshore Services, LLC,* No. 21-258, 2023 WL 4996551 (E.D. La. July 11, 2023) (considering sanctions for spoliation where plaintiff had lumbar surgeries before the IME and noting that "situations where adverse inferences have been granted, the defendant had typically made a request for pre-surgical IME but was not afforded a reasonable opportunity to have the IME conducted prior to surgery"); *Kang v. Perri*, 2021 WL 4487876, at *6 (E.D. N.Y. Sept. 30, 2021) (finding spoliation of evidence where plaintiff underwent cervical discectomy and imposing adverse inference instruction because destruction of evidence deprived defendant of the ability to explore whether plaintiff's cervical spine injuries were preexisting or related to an earlier accident).

With this context in mind, **the Court directs Attorney Joseph Stallone to promptly confer with his client** about the ability to move the scheduled surgery to allow for a compulsory medical examination to occur within the next 45 days. **Attorney Stallone shall then confer with defense counsel** regarding his client's position and file a notice advising the Court of the outcome of these discussions no later than **12:00 p.m. on Friday, July 12, 2024.**

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on July 11, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties